UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONWIDE MUTUAL INSURANCE
COMPANY,

    Plaintiff,

v.

SHARON MASON,
RAYMOND MASON,
SHANNON MASON,
KENNETH KELLEY, JR.,
ROBERT HALL III,
JANE A. GREEN *as Personal Representative of the Estate of Dominique Green*,
HADDASSAH BELLE BOYKIN,
HADDASSAH BELLE BOYKIN *as Personal Representative of Hassan Ismila Boykin*,
AMADOU DOUDOU BA *as Personal Representative of the Estate of Khadika Ba*,[1]
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF TYPHANI WILKERSON
and
THE PERSONAL REPRESENTATIVE OF THE ESTATE OF TAMEIKA CURTIS,

    Defendants.

Civil Action No. TDC-16-0809

**MEMORANDUM OPINION**

Plaintiff Nationwide Mutual Insurance Company ("Nationwide") has brought this declaratory judgment action under 28 U.S.C. § 2201, seeking a judicial determination whether Defendants Shannon Mason and Kenneth Kelley, Jr. are entitled to insurance coverage for an automobile accident on October 10, 2014 pursuant to two insurance policies issued by

---

[1] The Clerk shall amend the docket to reflect that the actual name of this individual is Khadija Shahadah Ba. *See* Ba Ans. at 1, ECF No. 18.

Nationwide. Having reviewed the submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6 (2016). For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

In 2014, Nationwide issued two automobile insurance policies to Sharon Mason and Raymond Mason: Policy Number 5219 A 996370 ("Policy 1") and Policy Number 5219 A 996371 ("Policy 2") (collectively, "the Policies"). Both policies listed the insured drivers as Raymond R. Mason and Sharon F. Mason and the policy period as July 18, 2014 to January 18, 2015. Policy 1 covered a 2006 Chevrolet Impala, a 1999 Chevrolet Tahoe, and a 1985 Chevrolet S-10 pickup truck. Policy 2 covered a 2012 Chevrolet Traverse and a 1992 Lincoln Town Car.

On October 10, 2014, there was a two-car accident ("the Accident") on Livingston Road in Prince George's County, Maryland involving a 2000 Mercedes S430 ("the Mercedes"), driven by Defendant Kelley, which resulted in the deaths of Dominique Green, Hassan Boykin, Khadija Shahadah Ba, Typhani Wilkerson, and Tameika Curtis and injuries to Robert Hall III and Haddassah Belle Boykin. All of these individuals, or their personal representatives, are named as Defendants in this action. At the time of the accident, the Mercedes was registered in the name of Shannon Mason, the son of Sharon and Raymond Mason. All three of these individuals are also named as Defendants in this action. Shannon Mason was not a passenger in the Mercedes at the time of the accident and had never even seen the Mercedes.

According to Nationwide, "one or more individuals listed as defendants in this lawsuit" have filed lawsuits or claims "against Kenneth Kelley and/or Shannon Mason in connection with the subject automobile accident." Mot. Summ. J. at 2, ECF No. 76. Nationwide alleges that it has been called upon to pay benefits for these "claims, causes of action, expenses, damages, judgments and, or, settlements that might be rendered" as a result of the car accident. Compl. ¶ 34, ECF No. 1. Nationwide has therefore filed this case.

2

As of November 15, 2016, all Defendants in this case had been served. On March 1, 2017, the Clerk of the Court entered a default against Defendants Jane A. Green, Robert Hall III, the Personal Representative of the Estate of Tameika Curtis, and the Personal Representative of the Estate of Typhani Wilkerson. Although Defendants Sharon Mason, Raymond Mason, Shannon Mason, and Kelley have neither filed Answers to the Complaint nor had attorneys enter appearances on their behalf, Nationwide has not sought a default against them. The remaining Defendants, Haddassah Belle Boykin (in her personal capacity and as the Personal Representative of Hassan Boykin) and Amadou Doudou Ba, as Personal Representative of the Estate of Khadija Shahadah Ba, have filed Answers and had counsel appear on their behalf, but neither has opposed the pending Motion. In fact, Boykin has filed a Notice stating that she does not oppose the Motion. All Defendants, including those against whom a default has been entered, received notice of the pending Motion.

## DISCUSSION

Nationwide seeks a declaratory judgment stating that neither Policy 1 nor Policy 2 provides coverage for the Accident. Nationwide also requests that the declaratory judgment state that it has no duty to defend or indemnify Shannon Mason or Kelley from claims arising from the Accident. Because the only reason Nationwide would have a duty to defend or indemnify Shannon Mason or Kelley would be if Policy 1 or Policy 2 provided coverage for the Accident, the Court does not need to conduct a separate inquiry for that request.

Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most

favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248-49.

The Declaratory Judgment Act states, "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (2012). A federal court may exercise jurisdiction over a declaratory judgment action when:

(1) The complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment;

(2) The court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and

(3) The court does not abuse its discretion in its exercise of jurisdiction.

*Volvo Const. Equip. N. America, Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004).

None of the parties has argued that declaratory relief is not appropriate in this case. An actual controversy exists between the parties because Nationwide alleges that several of the Defendants have filed lawsuits or claims against Kelley or Shannon Mason in connection with the Accident for which Nationwide has been called upon to pay benefits. Although Nationwide has not provided evidence of the disposition of these claims, the United States Court of Appeals for the Fourth Circuit has held that an actual controversy, which could support an action for a

declaratory judgment, exists when there is a dispute among an insurer, the insured, and a third-party tort claimant over the insurer's responsibility for the claim, even if the tort suit has yet to be decided. *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 & n.3 (4th Cir. 1994) (citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941)). The Court therefore finds that the Complaint alleges a sufficiently immediate and real controversy among the parties to warrant a declaratory judgment. Furthermore, the Court possesses diversity jurisdiction over Nationwide's claims, providing an independent basis for its jurisdiction. Accordingly, the Court will exercise its discretion to address this claim.

Nationwide asserts that neither Policy 1 nor Policy 2 provides coverage for the Accident. Nationwide is correct. First, as the plain language of the Policies reveals, neither policy lists the Mercedes as an insured vehicle. Policy 1 covers a 2006 Chevrolet Impala, a 1999 Chevrolet Tahoe, and a 1985 Chevrolet S-10 pickup truck; Policy 2 covers a 2012 Chevrolet Traverse and a 1992 Lincoln Town Car. Under Maryland law, automobile insurance is generally characterized as "vehicle-based," meaning that policies are linked to the registration of a particular vehicle. *Payne v. Erie Ins. Exch.*, 112 A.3d 485, 488 (2015). Thus, neither policy provides coverage based on the involvement of an insured vehicle.

Second, neither policy extends coverage to the Mercedes based on a connection to the policyholder. In Maryland, personal automobile insurance policies may provide coverage to specific individual drivers, referred to as the "named insured," when driving vehicles not listed in the policy, and potentially to family members and other "permissive users" of an insured vehicle. *See id.* (citing Andrew Janquitto, Maryland Motor Vehicle Insurance § 7.8 (3d ed. 2017)). Policy 1 and Policy 2 contain identical language extending liability coverage to: (1) a vehicle used as a temporary substitute for a covered vehicle; (2) a newly acquired vehicle; (3) "[a]

private passenger auto owned by a non-member of your household"; or (4) a rented vehicle. Policy 1 at 31,[2] Mot. Summ. J. Ex. 4, ECF No. 76-2; Policy 2 at 77, Mot Summ. J. Ex. 5, ECF No. 76-2. The third class of coverage "applies only while the vehicle is being used by you or a relative." Policy 1 at 31; Policy 2 at 77. "You" is defined as "the policyholder and spouse," and a "relative" is defined as "one who regularly lives in your household and who is related to you by blood, marriage or adoption (including a ward or foster child)" and "may live temporarily outside your household." Policy 1 at 28; Policy 2 at 68.

Of these classes of other covered vehicles, the Mercedes could only plausibly fit under the third, a "private passenger auto owned by a non-member of [the policyholder's] household." Policy 1 at 31; Policy 2 at 77. However, it is undisputed that the Mercedes was driven by Kelley, and that Kelley is not a relative of Sharon and Raymond Mason, even under the broadest definition of that term and certainly under the definition provided in the policies. Kelley was simply an acquaintance of their son "from the neighborhood" who asked Shannon Mason to register his Mercedes in Shannon Mason's name in exchange for $500. Shannon Mason Dep. at 16-18, Mot. Summ. J. Ex. 6, ECF No. 76-2. Thus, because the third category of liability coverage applies only to vehicles used by the policyholder or a relative of the policyholder, it provides no coverage for the Accident involving the Mercedes.

Because the Mercedes was not covered under Policy 1 or Policy 2 as an insured vehicle or as an alternative covered vehicle for purposes of the Accident, the Court need not address whether Shannon Mason, under whose name the Mercedes was registered, qualifies as a relative of Sharon and Raymond Mason under the language of the Policies. Even if Shannon Mason did

---

[2] Page numbers for the Policies refer to the page numbers assigned by the Court's CM/ECF case management system.

qualify as a relative, he undisputedly was not the driver of the Mercedes at the time of the Accident, so there could be no coverage for the Accident under any provision of the Policies.

## CONCLUSION

For the foregoing reasons, Nationwide's Motion for Summary Judgment is GRANTED. A separate Order shall issue.

Date: October 9, 2018

THEODORE D. CHUANG
United States District Judge